The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with minor technical modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement dated 23 October 1995, as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On or about 16 April 1985, Pennsylvania National Insurance Company was the workers' compensation carrier for employer Gregory Poole Equipment Company.
3. Employee Vaughn Butler sustained an injury by accident arising out of and in the course of his employment with Gregory Poole Equipment Company on 16 April 1985.
4. Plaintiff sustained a severe head injury as a result of the accident on 16 April 1985.
5. Plaintiff's average weekly wage at the time of the compensable injury was $453.80.
6. Plaintiff became totally disabled on 16 April 1985. Such total disability continued through the date of his death on 29 September 1994.
7. The employee's death on 29 September 1994 was a proximate result of the injuries he sustained in the accident of 16 April 1985.
8. On or about 1 April 1993, the employee, employer and insurance carrier entered into a Consent Agreement approved by the Industrial Commission on 12 April 1993.
9. A group of documents prefaced by a letter dated 15 July 1992, marked as Stipulated Documents 1, are stipulated into evidence.
10. Stipulated Documents 2, prefaced by an Order of Reset dated 25 February 1993, are stipulated into evidence.
* * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional:
FINDINGS OF FACT
1. On 16 April 1985, employee Vaughn Butler sustained an injury by accident arising out of and in the course of his employment with defendant-employer on 16 April 1985, which resulted in a severe head injury.
2. Mr. Vaughn Butler became totally disabled on 16 April 1985. This total disability continued through the date of Mr. Butler's death on 29 September 1994.
3. Mr. Vaughn Butler's death on 29 September 1994 was a proximate result of the injuries which he sustained in his compensable injury on 16 April 1985.
4. Plaintiff's average weekly wage at the time of his compensable injury was $453.80, yielding a compensation rate of $302.55.
5. On 1 April 1993, employee and defendants entered into a Consent Agreement, which was approved by the Industrial Commission on 12 April 1993, which provided benefits to the employee pursuant to permanent total disability.
6. On 16 April 1985, Doris Butler, widow, and Tammy Butler Tew, step-daughter, were wholly dependent for support upon the earnings of Mr. Vaughn Butler. There were no other individuals wholly dependent upon him for support at that time.
7. Vaughn Butler incurred funeral expenses in an amount in excess of $1,000.00.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. The 1 April 1993 Consent Agreement, which was approved by the Industrial Commission on 12 April 1993, was the final determination of disability in the above-captioned matter. G.S. § 97-38. Any prior unapproved agreements or understandings between the parties are of no consequence, as the Commission, and not either of the parties, makes the final determination of disability.
2. Vaughn Butler's death resulted proximately from a compensable injury within two years of the final determination of disability. G.S. § 97-38.
3. The wife of Vaughn Butler, Doris Butler, and his step-daughter Tammy Butler Tew, were totally dependent for support on the deceased at the time of the compensable injury by accident. These named individuals shall be entitled to share and share-alike in compensation at the weekly rate of $302.55, for a period of 400 weeks. G.S. § 97-38; G.S. § 97-39.
4. The widow of Vaughn Butler, Doris Butler, is entitled to reimbursement of funeral expenses in the amount of $1,000.00. G.S. § 97-38.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Defendants shall pay compensation at the weekly rate of $302.55, share and share-alike, to the widow of Vaughn Butler, Doris Butler, and to his step-daughter Tammy Butler Tew, for a period of 400 weeks. All sums accrued shall be paid in a lump sum, subject to the counsel fee approved in Paragraph 3.
2. Defendants shall pay the widow of Vaughn Butler, Doris Butler, reimbursement of funeral expenses in the amount of $1,000.00.
3. A reasonable attorney fee of twenty-five percent of the death benefits due to the widow of Vaughn Butler, Doris Butler, is approved for plaintiff's counsel. Such benefits shall be deducted from the sum due Doris Butler, and paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
This case is ORDERED REMOVED from the Full Commission docket.
This the __________ day of ___________________, 1997.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/nwm 12/31/96